Thomas M. Diachenko, Esq. (SBN 140763)
Law Offices of Thomas M. Diachenko, APC
1010 Second Avenue, Suite 1300
San Diego, California 92101
Telephone: (619) 699-5870
Facsimile: (619) 699-5871

Jason A. Rodenbo, Esq. (SBN 195208)
402 West Broadway, Ste.400
San Diego, CA 92101
Telephone (619) 321-6950
Facsimile (619) 595-3150

**Attorneys for Plaintiff STEPHEN J. LERCEL, JR.**

FILED
08 APR 29 PM 1:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEPHEN J. LERCEL, JR., an individual,

Plaintiff,

vs.

BIZJET INTERNATIONAL, a business Entity form unknown, BIZJET INTERNATIONAL SALES & SUPPORT, INC., a Corporation, LUFTHANSA TECHNICK TULSA CORPORATION, a Corporation, and PETER DUBOIS, an Individual, and DOES 1 through 25, Inclusive,

Defendants.

CASE NUMBER: '08 CV 0777 JM CAB

**COMPLAINT FOR DAMAGES:**

1. **Failure to pay all wages due at Termination;**
2. **Age Discrimination;**
3. **Tortious Termination (*Tameny*);**
4. **Breach of contract;**
5. **Breach of implied covenant of good faith and fair dealing;**
6. **Business & Professions Code §17200;**
7. **Intentional Infliction of Emotional Distress.**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff STEPHEN J. LERCEL, JR. makes the following allegations:

## PARTIES

1. Plaintiff STEPHEN J. LERCEL, JR. (hereafter "Plaintiff") is an individual who resides in Hemet, California.

2. Defendant BIZJET INTERNATIONAL, upon information and belief, is an Oklahoma corporation with its principle place of business located at 3515 North Sheridan Rd., Tulsa, Oklahoma 74115-2220.

3. Defendant BIZJET INTERNATIONAL SALES & SUPPORT, INC., upon information and belief, is an Oklahoma corporation with its principle place of business located at 3515 North Sheridan Rd., Tulsa, Oklahoma 74115-2220.

3. Defendant LUFTHANSA TECHNIK TULSA CORPORATION, upon information and belief, is an Oklahoma corporation with its principle place of business located at 9932 East 58th Street, Tulsa, Oklahoma 74146-6411.

4. Defendant PETER DUBOIS, upon information and belief, is an individual who at all times mentioned herein resided in Tulsa, Oklahoma and was an employee, officer, director, and or agent of the other Defendants.

5. Defendant DOES 1-10 are subsidiaries, sister corporations, holding corporations or other affiliated entities or agents of the other named Defendants, who were responsible for the injuries suffered by Plaintiffs.

6. Defendant DOES 11 through 25 are individuals (fictitious names for individuals or entities whose actual identities are unknown) who to the best of Plaintiffs' knowledge and belief, are and were the owners, agents, subcontractors, employees, servants, and/or others who worked at the direction of, and/or on behalf of, Defendants and/or their owners, managers, and/or other personnel.

7. Defendants BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, PETER DUBOIS, and DOES 1 through 25 are hereinafter collectively referred to as "Defendant" and/or "Defendants".

///

///

///

## VENUE/JURISDICTION

8. This Court has jurisdiction over Defendants as these companies routinely conduct business in the State of California, in the Southern regions of California, and distribute products into and throughout southern California from which they derived substantial financial benefits from consumers located throughout California. Further, some or all of the events giving rise to this occurred in Hemet, California. This Court also has jurisdiction over Defendants pursuant to 28 U.S.C. section 1332, in that Plaintiff is a citizen of the State of California while Defendants are citizens, or are incorporated and have their principal place of business in states other than California as alleged hereinabove. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTS

9. Defendants employed Plaintiff as a "Regional Sales Manager" on or about December 1, 2006. Defendants agreed to pay Plaintiff an annual salary of $80,000.00, plus "$5,000.00 per engine sold on Rolls-Royce products for mid-life or overhaul work scopes and 3% of all other non-engine work quoted and signed, payable upon completion of the customers' financial commitment to BizJet." Defendants also promised employment benefits including but not limited to medical, dental, and a 401k plan.

10. Defendants terminated Plaintiff's employment on or about December 17, 2007. Defendant has refused and continues to refuse to pay all wages and compensation owed to Plaintiff.

///

///

///

///

**FIRST CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL WAGES DUE AT TERMINATION**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

11. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 10 above as though fully set forth herein.

12. California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

13. Defendants willfully failed to timely pay Plaintiff all earned wages, commissions, bonuses, and compensation due for work performed at the time that Defendant terminated Plaintiff's employment. To date, Defendants have continued to refuse to pay Plaintiff all earned wages, commissions, bonuses, and compensation due for work performed. As a result, Defendants violated California Labor Code §201.

14. California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days... Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

15. The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code §17208 which, pursuant to California caselaw, provides a four year statute of limitations on any action for wages. As noted above,

Defendants violated California Labor Code §§ 201 and Defendants willfully failed to pay all wages due to Plaintiff as the failure to pay was not inadvertent or accidental.

16. Plaintiff is entitled to compensation for all forms of wages earned, including, but not limited to, compensation for work performed, commissions, and bonuses, and other claims described in this complaint, but to date has not received such compensation therefore entitling Plaintiff to penalties under Labor Code § 203.

17. More than 30 days have passed since Defendants terminated Plaintiff's employment, and on information and belief, have not received payment pursuant to Labor Code §§201, 202 and 203. As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff is entitled to 30 days' wages as a premium wage or penalty under California Labor Code §203.

**<u>SECOND CAUSE OF ACTION</u>**

**AGE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT ("FEHA"), AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA"), CALIFORNIA CONSTITUTION, Art. I, Section 8, and STATE COMMON LAW**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

18. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17 above as though fully set forth herein.

19. The Fair Employment & Housing Act ("FEHA"), California Government Code §12900 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§

///

21 *et seq.*, the California Constitution, Art. I, Section 8, and the common law of the State of California, prohibit employers from discriminating against employees over the age of 40 years on the basis of the employees' age. Defendants are "covered employers" subject to the provisions of FEHA and the ADEA because Defendants regularly employ five or more persons. Defendants decision to terminate Plaintiff's employment was specifically motivated by Plaintiff's age. As a result, Defendants have violated the FEHA, ADEA, California Constitution, and the common law of California by discriminatorily terminating Plaintiff's employment.

20. Plaintiff has exhausted all administrative remedies by timely filing discrimination charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and with the Equal Employment Opportunity Commission ("EEOC"). Further, Plaintiff has obtained his "Right to Sue" letters from the DFEH and the EEOC and has timely served Defendants with said "Right to Sue" letter prior to the filing of this Complaint.

21. At all times mentioned herein, Plaintiff was over the age of 40 years. Defendants replaced Plaintiff with a person who was substantially younger than Plaintiff.

22. As a proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendants. Further, as a proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of such discrimination and

consequent harm, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

23. As a further proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in mind and body, in an amount to be determined at trial and according to proof.

24. The above-recited actions of Defendants in terminating Plaintiff's employment were done with malice, fraud, oppression, and reckless disregard of the Plaintiff's rights under the FEHA, ADEA and within the meaning of California Civil Code section 3294.

## THIRD CAUSE OF ACTION

**TORTIOUS TERMINATION & DISCIPLINE IN VIOLATION OF PUBLIC POLICY (*TAMENY*)**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

25. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant terminated Plaintiff's employment on May 17, 2007 in violation of public policy codified in the California Labor Code, including but not limited to California Labor Code sections 201, 204, 203, and 210. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 172. Specifically, Defendant's decision to terminate Plaintiff was in retaliation for Plaintiff exercising his right under the Labor Code to seek timely payment of all earned wages due to him pursuant to the Labor Code sections 200, 201, 204, 203, 210. In addition, Plaintiff's termination was in violation of the substantial public policy embodied in those codes, statutes and

regulations, including but not limited to California Government Code §12900 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the California Constitution, Art. I, Section 8, which prohibit an employer from discriminating against an employee over the age of 40 based on age. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 172. Specifically, Defendants discriminatory terminated Plaintiffs employment because of Plaintiff's age (over 40 years of age).

27. As alleged above, at the time Defendants terminated Plaintiff's employment, Plaintiff was engaged in a protected activity, and there was a causal link between the protected activity and Defendants' decision to terminate Plaintiff's employment.

28. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendant. Further, as a proximate result of Defendants' retaliatory and wrongful actions against Plaintiff as alleged above, Plaintiff has lost a substantial amount of benefits which would have fully vested. Additionally, as a result of Defendants' wrongful actions alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

///

///

///

29. As a further proximate result of Defendants' wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in mind and body, in an amount to be determined at trial and according to proof.

30 The above-recited actions of Defendants in wrongfully terminating Plaintiff's employment were done with malice, fraud, oppression, and reckless disregard of the Plaintiff's rights under the Labor Code and within the meaning of California Civil Code section 3294.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

31. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 30 above as though fully set forth herein.

32. Defendants breached the terms of the written employment agreement attached hereto as Exhibit "A" and incorporated herein by reference by failing to pay Plaintiff all wages and commissions earned by Plaintiff pursuant to the terms set forth in Exhibit "A".

33. As a proximate result of Defendants' wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, consequential damages, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendants. As a result of such wrongful actions Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

**FIFTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

31. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 30 above as though fully set forth herein.

32. Plaintiff's written employment agreement with Defendants attached hereto as Exhibit "A" constituted a contract. Every employment contract imposes on each party to the contract a duty of good faith and fair dealing in the performance and enforcement of the contract. *Foley v. Interactive Data Corp.* (1998) 47 Cal.3d 654. Defendant was obligated to enforce and perform their obligations under the written employment agreement alleged above in good faith. Defendants breached the covenant of good faith and fair dealing by: (1) discriminating against Plaintiff as alleged above, (2) engaging in bad faith conduct that was extraneous to the written policy described above with the intention of frustrating Plaintiff's contractual rights thereunder, (3) by acting in bad faith to prevent Plaintiff from enjoying the benefits of his or her employment contract, and (4) engaging in the conduct alleged above.

33. As a proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, lost earning capacity, and additional amounts of money Plaintiff would have received if Defendants had not breached the implied covenant of good faith and fair dealing.

///

///

34. Further, as a proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 et seq.**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

35. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Defendants engaged in unlawful activity prohibited by Business and Professions Code §§17200 et seq. The actions of Defendants as alleged within this complaint, constitute unlawful and unfair business practices with the meaning of Business and Professions Code §§17200 et seq.

37. As described above, Defendants have conducted the following unlawful activities: (1) violation of California Labor Code §201 by failing to pay all wages earned and unpaid at the time of Plaintiff's discharge from employment by Defendants; (2) violation of California Labor Code §206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by Defendants to be due; and (3)

violation of California Labor Code §216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, Plaintiff to whom such indebtedness is due.

38. Defendants activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§17200 et seq., because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff.

39. As a result of Defendants violations of the Labor Code, Plaintiff has suffered injury-in-fact and have lost money or property as a result of Defendants' practices. This injury-in-fact and lost money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code as detailed in this complaint and other resulting harms. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in Defendants' control. Plaintiff is entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Plaintiff is also seeking in the alternative, restitutionary disgorgement of such monies into a fluid recovery fund.

40. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff. Defendant should be enjoined from this activity and made to disgorge these illgotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to Business and Professions Code § 17203.

///

///

///

41. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein and enjoining Defendant to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code §17208.

42. The unlawful and unfair conduct alleged herein is continuing, and there is no indication that Defendant will refrain from such activity in the future. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will, continue to violate California and federal labor laws. Plaintiff further requests that the court issue a preliminary and permanent injunction.

**SEVENTH CAUSE OF ACTION:**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 et seq.**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

43. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 42 above as though fully set forth herein.

44. Defendants' conduct and actions alleged herein were intentional, extreme and outrageous. Further, in engaging in the conduct and actions alleged herein, Defendants intended to cause or recklessly disregarded the probability of causing Plaintiff to suffer emotional distress.

///

45. As a further proximate, actual and legal cause of Defendants' intentional, wrongful and discriminatory actions against Plaintiff as alleged above, Plaintiff has been injured in her health in that Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injuring in mind and body. *Fretland v. County of* Humboldt (1999) 69 Cal.App.4th 1478, 1490; *Accardi v. Superior Ct. (City of Simi Valley)* (1993) 17 Cal.App.4th 341, 352; *Murray v. Oceanside Unified School Dist.*(2000) 79 Cal.App.4th 1338, 1362. As a result of said injuries, Plaintiff has suffered general damages in an amount to be established according to proof at the time of trial.

46. As a direct and proximate result of Defendants' willful, knowing and intentional conduct, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendants. Further, as a proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged above, Plaintiff has lost a substantial amount of employment benefits. Additionally, as a result of Defendants' wrongful actions alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of Defendants' wrongful actions alleged above, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

47. The aforementioned acts of Defendants were willful, wanton, malicious, despicable, oppressive and were undertaken with a conscious disregard for Plaintiff's rights and with the intent to injure Plaintiff and justify the awarding of exemplary and punitive damages in an amount to be proven at time of trial.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages according to proof;
2. For waiting time penalties pursuant to Labor Code section 203;
3. For penalties pursuant to any and all applicable Labor Code sections;
4. For interest pursuant to all applicable statutes including but not limited to, Labor Code sections 98.1, 218.6 and Civil Code section 3289;
5. For all damages and compensation available pursuant to all applicable sections of the Labor Code;
6. For reasonable attorneys' fees and costs pursuant to all applicable statutes, including but not limited to, Labor Code section 218.5;
7. For restitution of all monies due to Plaintiffs and disgorged profits from the unlawful business practices of Defendants;
8. For all remedies available pursuant to Business and Professions Code section 17200 et seq.;
9. For special damages according to proof;
10. For general damages according to proof;
11. For punitive damages according to proof; and
12. For such other and further relief as the Court deems proper.

Dated: April 29, 2008

Thomas M. Diachenko, Esq.
Jason A. Rodenbo, Esq.,
Attorney for Plaintiff STEPHEN LERCEL

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150287 - MB
* * C O P Y * *
April 29, 2008
13:11:31

Civ Fil Non-Pris
USAO #.: 08CV0777 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC1258

Total-> $350.00

FROM: STEPHEN J LERCEL JR VS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
08 APR 29 PM 1:08
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

'08 CV 0777 JM CAB

## I. (a) PLAINTIFFS

STEPHEN J. LERCEL, Jr.

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jason A. Rodenbo, Esq., 402 West Broadway, Suite 400, San Diego, CA 92101, 619-321-6950

## DEFENDANTS

County of Residence of First Listed Defendant Tulsa, Oklahoma
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Randall J. Snapp, Esq., Crowe & Dunlevy, APC, 500 Kennedy Building, 321 South Boston Ave., Tulsa, OK 74103-3313

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §§ 21, et. seq.

Brief description of cause:
Age discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 4/29/08 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 150281 AMOUNT $350 — APPLYING IFP JUDGE MAG. JUDGE

PB 04/29/08

CR