Thomas M. Diachenko, Esq. (SBN 140763)
Law Offices of Thomas M. Diachenko, APC
1010 Second Avenue, Suite 1300
San Diego, California 92101
Telephone: (619) 699-5870
Facsimile: (619) 699-5871

Jason A. Rodenbo, Esq. (SBN 195208)
402 West Broadway, Ste.400
San Diego, CA 92101
Telephone (619) 321-6950
Facsimile (619) 595-3150

**Attorneys for Plaintiff STEPHEN J. LERCEL, JR.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN J. LERCEL, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BIZJET INTERNATIONAL, a business Entity form unknown, BIZJET INTERNATIONAL SALES & SUPPORT, INC., a Corporation, LUFTHANSA TECHNICK TULSA CORPORATION, a Corporation, And DOES 1 through 10, Inclusive,<br><br>Defendants. | **CASE NUMBER: 08 CV 0777 JM CAB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>**1. Failure to pay all wages due at Termination;**<br>**2. Age Discrimination;**<br>**3. Tortious Termination (*Tameny*);**<br>**4. Breach of contract; and**<br>**5. Breach of implied covenant of good faith and fair dealing.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff STEPHEN J. LERCEL, JR. makes the following allegations:

**PARTIES**

1. Plaintiff STEPHEN J. LERCEL, JR. (hereafter "Plaintiff") is an individual who resides in Hemet, California.

2. Defendant BIZJET INTERNATIONAL, upon information and belief, is an Oklahoma corporation with its principle place of business located at 3515 North Sheridan Rd., Tulsa, Oklahoma 74115-2220.

3. Defendant BIZJET INTERNATIONAL SALES & SUPPORT, INC., upon information and belief, is an Oklahoma corporation with its principle place of business located at 3515 North Sheridan Rd., Tulsa, Oklahoma 74115-2220.

4. Defendant LUFTHANSA TECHNIK TULSA CORPORATION, upon information and belief, is an Oklahoma corporation with its principle place of business located at 9932 East 58th Street, Tulsa, Oklahoma 74146-6411. Plaintiff is informed and believes and thereon allege that Defendant LUFTHANSA TECHNIK TULSA CORPORATION is Plaintiffs' joint employer by virtue of a joint enterprise. Plaintiffs perform, and have performed, services for each and every Defendant, and to the mutual benefit of all Defendants, and all Defendants share control of Plaintiffs as employees, either directly or indirectly, and the manner in which Defendants' business is conducted.

5. That the true names and capacities, whether individual or otherwise, of Defendants, DOES 1 through 10, Inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges, that each defendant herein designated as a DOE is responsible in some manner for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby as hereinafter alleged.

6. Defendant DOES 1-5 are subsidiaries, sister corporations, holding corporations or other affiliated entities or agents of the other named Defendants, who were responsible for the injuries suffered by Plaintiffs.

7. Defendant DOES 6 through 10 are individuals (fictitious names for individuals or entities whose actual identities are unknown) who to the best of Plaintiffs' knowledge and belief, are and were the owners, agents, subcontractors, employees, servants,

and/or others who worked at the direction of, and/or on behalf of, Defendants and/or their owners, managers, and/or other personnel.

8. Defendants BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10 are hereinafter collectively referred to as "Defendant" and/or "Defendants".

## VENUE/JURISDICTION

9. This Court has jurisdiction over Defendants as these companies routinely conduct business in the State of California, in the Southern regions of California, and distribute products into and throughout southern California from which they derived substantial financial benefits from consumers located throughout California. Further, some or all of the events giving rise to this occurred in Hemet, California. This Court also has jurisdiction over Defendants pursuant to 28 U.S.C. section 1332, in that Plaintiff is a citizen of the State of California while Defendants are citizens, or are incorporated and have their principal place of business in states other than California as alleged hereinabove. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTS

10. Defendants employed Plaintiff as a "Regional Sales Manager" on or about December 1, 2006. Defendants agreed to pay Plaintiff an annual salary of $80,000.00, plus "$5,000.00 per engine sold on Rolls-Royce products for mid-life or overhaul work scopes and 3% of all other non-engine work quoted and signed, payable upon completion of the customers' financial commitment to BizJet."

11. Defendants terminated Plaintiff's employment on or about December 17, 2007. Defendant has refused and continues to refuse to pay all wages and compensation owed to Plaintiff.

## FIRST CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL WAGES DUE AT TERMINATION

## (AGAINST ALL DEFENDANTS)

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11 above as though fully set forth herein.

13. California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

14. Defendants willfully failed to timely pay Plaintiff all earned wages as defined by California Labor Code § 200, commissions, bonuses, and compensation due for work performed at the time that Defendant terminated Plaintiff's employment. To date, Defendants have continued to refuse to pay Plaintiff all earned wages, commissions, bonuses, and compensation due for work performed. As a result, Defendants violated California Labor Code §201.

15. California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

16. Defendants willfully failed to pay all wages due to Plaintiff in accordance with Labor Code §201.

17. Plaintiff is entitled to compensation for all forms of wages earned, including, but not limited to, compensation for work performed, commissions, and bonuses, and other claims described in this complaint, but to date has not received such compensation therefore entitling Plaintiff to penalties under Labor Code § 203.

18. More than 30 days have passed since Defendants terminated Plaintiff's employment, and on information and belief, have not received payment pursuant to Labor Code §§201. As a consequence of Defendants' willful conduct in not paying all earned wages as defined by California Labor Code §200, Plaintiff is entitled to 30 days' wages as a premium wage or penalty under California Labor Code §203.

**SECOND CAUSE OF ACTION**

**AGE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT ("FEHA"), AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA"), CALIFORNIA CONSTITUTION, Art. I, Section 8, and STATE COMMON LAW**

**(AGAINST ALL DEFENDANTS)**

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as though fully set forth herein.

20. The Fair Employment & Housing Act ("FEHA"), California Government Code §12900 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 21 *et seq.*, the California Constitution, Art. I, Section 8, and the common law of the State of California, prohibit employers from discriminating against employees over the age of 40 years on the basis of the employees' age. Defendants are "covered employers" subject to the provisions of FEHA and the ADEA because Defendants regularly employ five or more persons. Defendants decision to terminate Plaintiff's employment was specifically motivated by Plaintiff's age. As a result, Defendants have violated the FEHA, ADEA, California Constitution, and the common law of California by discriminatorily terminating Plaintiff's employment.

21. Plaintiff has exhausted all administrative remedies by timely filing discrimination charges against Defendants with the California Department of Fair Employment and Housing

("DFEH") and with the Equal Employment Opportunity Commission ("EEOC"). Further, Plaintiff has obtained his "Right to Sue" letters from the DFEH and the EEOC and has timely served Defendants with said "Right to Sue" letter prior to the filing of this Complaint.

22. At all times mentioned herein, Plaintiff was over the age of 40 years. Defendants replaced Plaintiff with a person who was substantially younger than Plaintiff.

23. As a proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendants. Further, as a proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

24. As a further proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in mind and body, in an amount to be determined at trial and according to proof.

25. The above-recited actions of Defendants in terminating Plaintiff's employment were done with malice, fraud, oppression, and reckless disregard of the Plaintiff's rights under the FEHA, ADEA and within the meaning of California Civil Code section 3294.

///

## THIRD CAUSE OF ACTION

## TORTIOUS TERMINATION & DISCIPLINE IN VIOLATION OF PUBLIC POLICY (*TAMENY*)

## (AGAINST ALL DEFENDANTS)

26. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25 above as though fully set forth herein.

27. Defendant terminated Plaintiff's employment on December 17, 2007 in violation of public policy codified in the California Labor Code, including but not limited to California Labor Code sections 201, 204, 203, and 210. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 172. Specifically, Defendant's decision to terminate Plaintiff was in retaliation for Plaintiff exercising his right under the Labor Code to seek timely payment of all earned wages due to him pursuant to the Labor Code sections 200, 201, 204, 203, 210. In addition, Plaintiff's termination was in violation of the substantial public policy embodied in those codes, statutes and regulations, including but not limited to California Government Code §12900 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the California Constitution, Art. I, Section 8, which prohibit an employer from discriminating against an employee over the age of 40 based on age. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 172. Specifically, Defendants discriminatory terminated Plaintiffs employment because of Plaintiff's age (over 40 years of age).

28. As alleged above, at the time Defendants terminated Plaintiff's employment, Plaintiff was engaged in a protected activity, and there was a causal link between the protected activity and Defendants' decision to terminate Plaintiff's employment.

///

///

29. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendant. Further, as a proximate result of Defendants' retaliatory and wrongful actions against Plaintiff as alleged above, Plaintiff has lost a substantial amount of benefits which would have fully vested. Additionally, as a result of Defendants' wrongful actions alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

30. As a further proximate result of Defendants' wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in mind and body, in an amount to be determined at trial and according to proof.

31 The above-recited actions of Defendants in wrongfully terminating Plaintiff's employment were done with malice, fraud, oppression, and reckless disregard of the Plaintiff's rights under the Labor Code and within the meaning of California Civil Code section 3294.

///

///

///

///

///

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(AGAINST DEFENDANTS BIZJET INTERNATIONAL, BIZJET INTERNATIONAL SALES & SUPPORT, INC., LUFTHANSA TECHNIK TULSA CORPORATION, and DOES 1 through 10)**

32. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 31 above as though fully set forth herein.

33. Defendants breached the terms of the written employment agreement attached hereto as Exhibit "A" and incorporated herein by reference by failing to pay Plaintiff all wages and commissions earned by Plaintiff pursuant to the terms set forth in Exhibit "A".

34. As a proximate result of Defendants' wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, consequential damages, and additional amounts of money Plaintiff would have received if Plaintiff's employment had not been wrongfully terminated by Defendants. As a result of such wrongful actions Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

**FIFTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(AGAINST ALL DEFENDANTS)**

35. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Plaintiff's written employment agreement with Defendants attached hereto as Exhibit "A" constituted a contract. Every employment contract imposes on each party to the

contract a duty of good faith and fair dealing in the performance and enforcement of the contract. *Foley v. Interactive Data Corp.* (1998) 47 Cal.3d 654. Defendant was obligated to enforce and perform their obligations under the written employment agreement alleged above in good faith. Defendants breached the covenant of good faith and fair dealing by: (1) unlawfully discriminating against Plaintiff as alleged above, (2) engaging in bad faith conduct that was extraneous to the written policy described above with the intention of frustrating Plaintiff's contractual rights thereunder, (3) by acting in bad faith to prevent Plaintiff from enjoying the benefits of his employment contract, and (4) engaging in the conduct alleged above.

37. As a proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, lost earning capacity, and additional amounts of money Plaintiff would have received if Defendants had not breached the implied covenant of good faith and fair dealing.

38. Further, as a proximate result of Defendants' discriminatory and unlawful actions against Plaintiff as alleged above, Plaintiff has been harmed in that plaintiff has suffered intangible loss of such employment-related opportunities such as continued experience in the position from which Plaintiff was terminated, and for further experience in positions that Plaintiff would have been promoted had his employment not been terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined at trial and according to proof.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages according to proof;
2. For waiting time penalties pursuant to Labor Code section 203;
3. For penalties pursuant to any and all applicable Labor Code sections;
4. For interest pursuant to all applicable statutes including but not limited to, Labor Code sections 98.1, 218.6 and Civil Code section 3289;
5. For all damages and compensation available pursuant to all applicable sections of the Labor Code;
6. For reasonable attorneys' fees and costs pursuant to all applicable statutes, including but not limited to, Labor Code section 218.5;
7. For special damages according to proof;
8. For general damages according to proof;
9. For punitive damages according to proof; and
10. For such other and further relief as the Court deems proper.

Dated: June 27, 2008

Thomas M. Diachenko, Esq.
Jason A. Rodenbo, Esq.,
Attorney for Plaintiff STEPHEN LERCEL

# EXHIBIT "A"

BIZJET®

December 7, 2006

Mr. Steve Lercel, JR
1300 W. Menlo Avenue #133
Hemet, CA 92543

Dear Steve,

The management team at BizJet is committed to growing all divisions. We feel that your skills and background will be valuable assets to our team. We are pleased to offer you the position of Regional Sales Manager at a starting rate of pay based on $80,000.00 per year, plus $5,000 per engine sold on Rolls-Royce products for mid-life or overhaul work scopes and 3% of all other non-engine work quoted and signed, payable upon completion of the customers' financial commitment to BizJet. Your start date is to be considered as December 1 2006. IT WAS AGREED BY PETER DUBOIS THAT START DATE WOULD BE 12/1/06

Employment with BizJet is for no pre-determined period of time and is contingent upon your satisfactory completion of a substance abuse screening (if applicable), satisfactory verification of employment for the past five (5) years, and meeting employment eligibility under the "Immigration Reform and Control Act of 1987".

Your benefits to include medical, dental, and 401K will become effective on the first day of the month, following forty-five days of employment, should you elect to participate. A benefits package will be provided to you for your review.

Under the "Immigration Reform and Control Act of 1987", we are required to check a number of documents to verify that you, as a prospective employee, are eligible to work in the United States. Upon reporting for work, you will need to furnish the appropriate documents.

If you choose to accept this offer, please sign in the space provided below and return to Shari Sherman via fax at (918) 838-5965. This offer will be valid until the close of business on Monday, December 11, 2006.

Best regards,

Neal M. Uhl, CPA (signature)

Accepted: Steve Lercel, Jr. (signature) Date: 12/8/2006

Neal M. Uhl, CPA
Controller
(918) 831-7640 - Phone
(918) 557-9073 - Mobile
(918) 835-1762 - Fax
e-mail: nuhl@bizjet.com