ORIGINAL

FILED
2008 AUG -1 PM 3:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

KIRSTIN E. MULLER (SBN 186373)
kmuller@cdhklaw.com
KIMBERLY G. BRENER (SBN 244531)
kbrener@cdhklaw.com
CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP
2425 Olympic Boulevard
Suite 550 East Tower
Santa Monica, CA 90404
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendants
BIZJET INTERNATIONAL SALES & SUPPORT, INC. (erroneously also served and sued as BizJet International) and LUFTHANSA TECHNIK TULSA CORPORATION (erroneously served and sued as Lufthansa Technick Tulsa Corporation)

VIA FAX

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN J. LERCEL, JR.,<br>Plaintiff,<br>vs.<br>BIZJET INTERNATIONAL, a business Entity form unknown, BIZJET INTERNATIONAL SALES & SUPPORT, INC., a Corporation, LUFTHANSA TECHNICK TULSA CORPORATION, a Corporation and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 08 CV 0777 JM CAB<br>**DEFENDANTS BIZJET INTERNATIONAL SALES & SUPPORT, INC. AND LUFTHANSA TECHNIK TULSA CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants BIZJET INTERNATIONAL SALES & SUPPORT, INC. (erroneously also served and sued as BizJet International) ("BizJet Sales & Support") and LUFTHANSA TECHNIK TULSA CORPORATION (erroneously served and sued as Lufthansa Technick Tulsa Corporation) ("Lufthansa") (collectively "Defendants") by and through their attorneys hereby answer for themselves alone the First Amended Complaint ("FAC") filed herein by Plaintiff

Stephen J. Lercel, Jr. ("Plaintiff") by admitting, denying and alleging as follows:

## I. PARTIES

1. Defendants are unable to admit or deny the statement in Paragraph 1 of Plaintiff's FAC.

2. Defendants deny each and every allegation contained in Paragraph 2 of Plaintiff's FAC. No such entity exists.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's FAC.

4. Defendants state that the second sentence of Paragraph 4 is a legal conclusion which Defendants are not required to admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation set forth in Paragraph 4 of Plaintiff's FAC, except that Lufthansa admits it is an Oklahoma corporation with its principal place of business located at 9932 East 58th Street, Tulsa, OK 74146.

5. Defendants are unable to admit or deny the statement in Paragraph 5 of Plaintiff's FAC.

6. Defendants are unable to admit or deny the statement in Paragraph 6 of Plaintiff's FAC.

7. Defendants are unable to admit or deny the statement in Paragraph 7 of Plaintiff's FAC.

8. The statements contained in Paragraph 8 are not allegations as such, and, on that basis, Defendants are not required to admit or deny the statements.

## II. VENUE/JURISDICTION

9. Defendants do not contest the jurisdiction of this court with respect to BizJet Sales & Support. BizJet Sales & Support admits that, at all relevant times, it has done business in California, with its principal places of business outside of California. Defendants lack sufficient information to admit or deny Plaintiff's citizenship. Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 9.



CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

## III. FACTS

10. Defendants admit that BizJet Sales & Support employed Plaintiff as a Regional Sales Manager on or about December 1, 2006. Defendants admit that on December 7, 2006, BizJet Sales & Support offered to pay Plaintiff an annual salary of $80,000.00, plus 5,000.00 per engine sold on Rolls-Royce products for mid-life or overhaul work scopes and 3% of all other non-engine work quoted and signed, payable upon completion of the customers' financial commitment to Bizjet Sales & Support. Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 10.

11. Defendants admit that BizJet Sales & Support terminated Plaintiff's employment on or about December 17, 2007. Except as specifically admitted, Defendants deny each and every other allegation contained in Paragraph 11 of Plaintiff's FAC.

## IV. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Failure to Timely Pay All Wages Due At Termination)**

12. In response to Paragraph 12 of Plaintiff's FAC, Defendants incorporate by reference their admissions, denials and averments made in response to Paragraphs 1 through 11 of Plaintiff's FAC as if fully set forth herein.

13. Defendants admit that the California Labor Code includes the provision quoted in Paragraph 13 of Plaintiff's FAC.

14. The statements contained in Paragraph 14 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 14 of Plaintiff's FAC.

15. Defendants admit that the California Labor Code includes the provisions quoted in Paragraph 15 of Plaintiff's FAC, except that the final clause of

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

the Code should read, "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arose."

16. The statements contained in Paragraph 16 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 16 of Plaintiff's FAC.

17. The statements contained in Paragraph 17 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 17 of Plaintiff's FAC.

18. The statements contained in Paragraph 18 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 18 of Plaintiff's FAC, except that Defendants admit that more than 30 days have passed since BizJet Sales & Support terminated Plaintiff's employment.

**SECOND CAUSE OF ACTION**

**(Age Discrimination in Violation of FEHA, ADEA, California Constitution and State Common Law)**

19. In response to Paragraph 19 of Plaintiff's FAC, Defendants incorporate by reference their admissions, denials and averments made in response to Paragraphs 1 through 18 of Plaintiff's FAC as if fully set forth herein.

20. The statements contained in Paragraph 20 are statements or interpretations of law and Defendants are not required to admit or deny such statements or interpretations. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 20 of Plaintiff's FAC, except that Defendants admit that they employed five or more persons at all times

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

relevant to Plaintiff's FAC.

21. Defendants admit that Plaintiff filed discrimination charges against BizJet Sales & Support with the California Department of Fair Employment and Housing ("DFEH") and with the Equal Employment Opportunity Commission ("EEOC") and that Plaintiff obtained "Right to Sue" letters from the DFEH and the EEOC. Except as specifically admitted herein, Defendants deny each and every allegation of Paragraph 21 of Plaintiff's FAC.

22. Defendants admit that at all times mentioned in Plaintiff's FAC, Plaintiff was over 40 years old. Except as is expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 22 of Plaintiff's FAC.

23. The statements contained in Paragraph 23 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 23 of Plaintiff's FAC.

24. The statements contained in Paragraph 24 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 24 of Plaintiff's FAC.

25. The statements contained in Paragraph 25 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 25 of Plaintiff's FAC.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

## THIRD CAUSE OF ACTION

**(Tortious Termination & Discipline in Violation of Public Policy)**

26. In response to Paragraph 26 of Plaintiff's FAC, Defendants incorporate by reference their admissions, denials and averments made in response to Paragraphs 1 through 25 of Plaintiff's FAC as if fully set forth herein.

27. The statements contained in Paragraph 27 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 27 of Plaintiff's FAC, except that Defendants admit that BizJet Sales & Support terminated Plaintiff's employment on December 17, 2007.

28. The statements contained in Paragraph 28 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 28 of Plaintiff's FAC.

29. The statements contained in Paragraph 29 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 29 of Plaintiff's FAC.

30. The statements contained in Paragraph 30 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 30 of Plaintiff's FAC.

31. The statements contained in Paragraph 31 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 31 of Plaintiff's FAC.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

**FOURTH CAUSE OF ACTION**

**(Breach of Contract)**

32. In response to Paragraph 32 of Plaintiff's FAC, Defendants incorporate by reference their admissions, denials and averments made in response to Paragraphs 1 through 31 of Plaintiff's FAC as if fully set forth herein.

33. Defendants deny each and every allegation contained in Paragraph 33 of Plaintiff's FAC.

34. The statements contained in Paragraph 34 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 34 of Plaintiff's FAC.

**FIFTH CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

35. In response to Paragraph 35 of Plaintiff's FAC, Defendants incorporate by reference their admissions, denials and averments made in response to Paragraphs 1 through 34 of Plaintiff's FAC as if fully set forth herein.

36. The statements contained in Paragraph 36 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 36 of Plaintiff's FAC.

37. The statements contained in Paragraph 37 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 37 of Plaintiff's FAC.

38. The statements contained in Paragraph 38 of Plaintiff's FAC are legal conclusions which Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 38 of Plaintiff's FAC.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

## V. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought, or any relief, on these claims.

## VI. AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's FAC, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. As a defense to each of Plaintiff's causes of action, Defendants aver that Plaintiff fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Employment At-Will)**

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff was an at-will employee within the meaning of Cal. Labor Code section 2922.

### THIRD AFFIRMATIVE DEFENSE

**(Exclusivity of Workers' Compensation Act)**

3. Any recovery on Plaintiff's FAC or any purported cause of action alleged therein is barred by the exclusive remedy provided by the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

**(Failure of Condition)**

4. Plaintiff failed to perform conditions precedent, concurrent and/or subsequent to any contract if any contract exists.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

**FIFTH AFFIRMATIVE DEFENSE**

**(Excuse)**

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff is barred from recovering from Defendants on any alleged contract, because Defendants' performance was excused.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

6. Plaintiff has failed to mitigate damages and, to the extent of such failure, any damages awarded to Plaintiff should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damages Estopped from April 9, 2008)**

7. Pursuant to *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982), all of Plaintiff's damages were tolled on April 9, 2008 when BizJet Sales & Support unconditionally offered Plaintiff employment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith/Justification and Legitimate Non-Discriminatory Reasons)**

8. All decisions relating to Plaintiff's employment were undertaken in good faith and without malice, were a just, lawful and proper exercise of management discretion, were based on legitimate non-discriminatory reasons, and were undertaken fairly and honestly with good faith under the circumstances then existing. Any conduct which may have occurred was engaged in for legitimate, non-discriminatory reasons.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel, Waiver and Unclean Hands)**

9. Any recovery on Plaintiff's FAC of any cause of action alleged therein is barred in whole or in part by the doctrines of estoppel, unclean hands and/or waiver.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith Under the Labor Code)**

10. Plaintiff's claims for damages and waiting time penalties are barred because Defendants' actions and/or omissions were in good faith, and Defendants had reasonable grounds for believing that their actions and/or omissions did not violate any Labor Code provision.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Negligent, Intentional and/or Bad Faith Conduct)**

11. Plaintiff's claims are barred by Plaintiff's negligent, intentional and/or bad faith conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Acts/Omissions of Third Parties)**

12. Defendants are informed and believe and thereon allege that the damages suffered by Plaintiff, if any, were not proximately caused by the conduct acts and/or omissions, if any, of Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedy)**

13. Any recovery on the FAC is barred on the grounds that Plaintiff failed to exhaust his administrative remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim For Relief For Punitive Damages, Damages For Emotional Distress and/or Special Damages)**

14. Neither the FAC as a whole, nor any of the purported claims set forth therein, contain facts sufficient to state a claim on which relief can be granted against Defendants for punitive damages, damages for emotional distress and/or special damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Claim Unconstitutional)**

15. To the extent that any such act is found which would support an award of punitive damages, Plaintiff's recovery of punitive damages against Defendants is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, and other provisions of the United States Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Oppression, Fraud, or Malice)**

16. Any acts, or omissions to act, by Defendants were not the result of oppression, fraud or malice as such terms are defined by California Civil Code Section 3294.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Personal Jurisdiction)**

17. The exercise of personal jurisdiction in this Court over Lufthansa is not proper.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Right to Raise Additional Defenses)**

18. The FAC fails to state the bases of the underlying claims made against Defendants with sufficient particularity so as to enable Defendants to determine all of their defenses thereto. Therefore, Defendants reserve their right to assert all applicable defenses to the FAC once the specific bases of such claims are determined through discovery or otherwise.

WHEREFORE, Defendants pray for judgment on the FAC as follows:

1. That Plaintiff take nothing by his FAC against Defendants and that



CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

judgment be entered in favor of Defendants on each and every one of Plaintiffs' causes of action;

2. That Defendants recover their costs of suit herein;

3. That Defendants recover reasonable attorneys' fees incurred herein; and

4. That this Court award such additional relief as it deems just and proper.

Dated: ~~July~~ August 1, 2008

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: [signature]
Kirstin E. Muller
Kimberly G. Brener

Attorneys for Defendants
BIZJET INTERNATIONAL SALES & SUPPORT, INC. (erroneously also served and sued as BizJet International) and LUFTHANSA TECHNIK TULSA CORPORATION (erroneously served and sued as Lufthansa Technick Tulsa Corporation)

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2425 Olympic Boulevard, Suite 550 East Tower, Santa Monica, California 90404. On August 1, 2008, I served the following document(s) by the method indicated below:

**DEFENDANTS BIZJET INTERNATIONAL SALES & SUPPORT, INC. AND LUFTHANSA TECHNIK TULSA CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On August 1, 2008, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

Thomas M. Diachenko, Esq.
Law Offices of Thomas M. Diachenko, APC
1010 Second Avenue, Suite 1300
San Diego, CA 92101
Telephone: (619) 699-5870
Facsimile: (619) 699-5871

Jason A. Rodenbo, Esq.
402 West Broadway, Suite 400
San Diego, CA 92101
Telephone: (619) 321-6950
Facsimile: (619) 535-3150

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on August 1, 2008 at Santa Monica, California.

Robbin DeRuise

Robbin T. DeRuise

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA