UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. LERCEL, JR., Plaintiff, v. BIZJET INTERNATIONAL, et al., Defendants. | Civil No. 08cv777 JM (CAB) **ORDER FOLLOWING EARLY NEUTRAL EVALUATION CONFERENCE, SETTING RULE 26 COMPLIANCE AND NOTICE OF CASE MANAGEMENT CONFERENCE** |

On September 8, 2008, the Court held a telephonic Early Neutral Evaluation Conference. The case did not settle. Therefore, the Court discussed compliance with Federal Rules of Civil Procedure, Rule 26 immediately thereafter. Based thereon, IT IS HEREBY ORDERED:

1. Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A)-(D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be resolved as required by Rule 26.

2. The Rule 26(f) conference shall be completed on or before **October 2, 2008**;

3. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before **October 16, 2008**;

4. A discovery plan shall be lodged with Magistrate Judge Bencivengo on or before **October 16, 2008**; and,

///

5. A Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) shall be held on **October 23, 2008**, at **2:00 p.m.** The conference shall also serve as a Mandatory Settlement Conference. Counsel shall submit **confidential** settlement statements **directly to chambers**, via courier service, no later than **October 17, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

Failure of any counsel or party to comply with this Order will result in the imposition of sanctions.

**IT IS SO ORDERED**.

DATED: September 8, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).